**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

STEVEN P. EAGLEY and MELISSA EAGLEY,

                        Plaintiffs,
-vs-
                                                    DECISION AND ORDER

STATE FARM INSURANCE COMPANY,                13-CV-6653-CJS

                        Defendant.

      **Siragusa, J.** Defendant filed a Petition for Removal in this Court on December 11, 2013, ECF No. 1. In the petition, Defendant relates that it discovered Plaintiffs' complaint on or about October 25, 2013. Petition ¶ 3. The complaint in the State action, which is attached to the Petition as Exhibit A, contains information pertaining to Plaintiffs' residence in New York. In the petition, Defendant states that it is a resident of Illinois. Further, Plaintiffs provided Defendant a statement of claim dated February 8, 2012, included in the Petition as Exhibit B, listing the damages as $95,729.00. Therefore, as of October 25, 2013, Defendant had sufficient knowledge to determine that this Court could accept the removal on diversity jurisdiction grounds. *See Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 402–03 (S.D.N.Y. 1997) ("Whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a).") (citation and internal quotes omitted); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (citing *Richstone* with approval).

      The statute, which must be strictly construed, requires that a notice to remove be filed within thirty days of receipt of the complaint "through service or otherwise." 28 U.S.C. 1446(b)(1). Defendant argues in its petition as follows:

      The attached summons and complaint was never served upon STATE FARM

> INSURANCE COMPANY but was discovered by it when searching the Court's docket on or around October 25, 2013. State Farm answered the complaint on November 15, 2013 (**Exhibit C**). Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

Petition ¶ 3. If discovery of the complaint before any formal service constituted receipt of the complaint under the "or otherwise" clause, then the removal here would be untimely.[1] However, Justice Ginsburg's opinion in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999), makes it clear that "or otherwise" does not mean discovery of the complaint by the defendants in the absence of formal service of some paper to bring the defendants under the jurisdiction of the State court. *Murphy Bros., Inc.*, 526 U.S. at 347-48 ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

Accordingly, the removal is timely and it is hereby accepted. All further papers will be filed with the Clerk of this Court under the civil case number assigned. The Court will issue a separate referral order so that the assigned magistrate judge can schedule a Rule 16 conference.

IT IS SO ORDERED.

Dated: December 17, 2013
       Rochester, New York

ENTER: /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] Federal Rule of Civil Procedure 6 controls the measurement of time and provides in pertinent part that the day of the event is excluded, but that every other day is counted. The elapsed number of days between October 26 and December 11 is 46.